TODD KIM
Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice

SHAUN M. PETTIGREW (CA State Bar No. 254564)
Senior Trial Attorney
Natural Resources Section
c/o NOAA, Damage Assessment
7600 Sand Point Way, NE
Seattle, WA 98115
(202) 532-5973
shaun.pettigrew@usdoj.gov

*Attorneys for Federal Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NORTH CASCADES CONSERVATION COUNCIL;<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES FOREST SERVICE, a federal agency of the United States Department of Agriculture; and KRISTIN BAIL, in her official capacity as Forest Supervisor, Okanogan-Wenatchee National Forest, United States Forest Service,<br><br>*Federal Defendants.* | Case No. 2:22-cv-00293-RMP<br><br>**ANSWER** |

Federal Defendants hereby respond to the allegations in Plaintiffs' Complaint for Declaratory and Injunctive Relief and Damages (Complaint), ECF No. 1, in the above-captioned action. The numbered paragraphs in this Answer correspond to the numbered paragraphs in the Complaint.

     The Complaint begins with an un-numbered paragraph. The allegations in the un-numbered paragraph constitute Plaintiff's characterization of this case to which no response is required.

"JURISDICTION AND VENUE"[1]

    1.    The allegations in this paragraph constitute conclusions of law to which no response is required.

    2.    The allegations in the first sentence of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Federal Defendants admit venue is proper in the Eastern District of Washington. Federal Defendants admit the allegations in the second and third sentences of this paragraph.

    3.    The allegations in this paragraph constitute conclusions of law to which no response is required.

"PARTIES"

    4.    Federal Defendants deny the allegations in the first, second, third, and fourth sentences of this paragraph because they lack sufficient knowledge or information to form a belief as to the truth of the allegations. Federal Defendants deny the allegations in the fifth sentence of this paragraph.

    5.    Federal Defendants deny the allegations in this paragraph.

    6.    Federal Defendants admit the allegations in the first and third sentences of this paragraph. The allegations in the second sentence of this paragraph constitute Plaintiff's characterization of this case to which no response

---

[1] The headings here correspond to the headings in the Complaint. Federal Defendants include them strictly to provide convenient reference to the Complaint and do not intend them to form any substantive part of Federal Defendants' Answer. To the extent the Complaint headings make substantive allegations, Federal Defendants deny those allegations.

FEDERAL DEFENDANTS' ANSWER   2

is required. The allegations in the fourth sentence of this paragraph are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on that basis.

       7.      Federal Defendants admit the allegations in this paragraph.

## "FACTS"

       8.      The allegations in the first sentence of this paragraph regarding "original version" and "was proposed" are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on that basis. Federal Defendants aver that the Twisp Restoration Project (Project) was included in a November 2019 Schedule of Proposed Actions and a public scoping period for the Project began on November 12, 2019. The allegations in the second and third sentences of this paragraph purport to characterize a draft environmental assessment (EA), which speaks for itself and is the best evidence of its content.

       9.      The allegations in the first sentence of this paragraph purport to characterize the draft EA, which speaks for itself and is the best evidence of its content. The allegations in the second and third sentences of this paragraph purport to characterize the final EA, which speaks for itself and is the best evidence of its content.

       10.     Federal Defendants admit the allegations in the first sentence of this paragraph. The allegations in the second sentence of this paragraph purport to characterize the Decision Notice (DN) approving the Project, which speaks for itself and is the best evidence of its content. The allegations in the third sentence of this paragraph regarding "in collaboration with" are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on that basis. Federal Defendants admit the allegations in the fourth sentence of this paragraph that the "Forest Service met with NCWFHC as early as November 3, 2021." The remaining allegations in the fourth sentence of this paragraph regarding "to

FEDERAL DEFENDANTS' ANSWER   3

discuss the planned reduction in the size of the Project" are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on that basis. Federal Defendants aver that at a November 3, 2021, meeting with NCWFHC, the Forest Service provided a post-fire update about the project, showing how the fire impacted the project area and describing how the Forest Service was developing a plan to reduce the footprint of the project area. The allegations in the fifth sentence of this paragraph purport to characterize a letter from Plaintiff to the Forest Supervisor, which speaks for itself and is the best evidence of its content. The allegations in the sixth sentence of this paragraph purport to characterize a letter from the Forest Supervisor to Plaintiff, which speaks for itself and is the best evidence of its content.

11. The allegations in this paragraph purport to characterize the final EA and DN, which speak for themselves and are the best evidence of their content.

12. The allegations in the first sentence of this paragraph purport to characterize the draft EA, final EA, and DN, which speak for themselves and are the best evidence of their content. The allegations in the first clause of the second sentence of this paragraph purports to characterize the final EA and DN, which speak for themselves and are the best evidence of their content. Federal Defendants deny the allegations in the second clause of the second sentence of this paragraph. The allegations in the first clause of the third sentence of this paragraph purport to characterize the draft EA, which speaks for itself and is the best evidence of its content. The allegations in the second clause of the third sentence of this paragraph purport to characterize the final EA, which speaks for itself and is the best evidence of its content.

13. Federal Defendants admit the allegations in the first sentence of this paragraph. Federal Defendants deny the allegations in the second sentence of this paragraph. The allegations in the third sentence of this paragraph constitute

FEDERAL DEFENDANTS' ANSWER   4

conclusions of law to which no response is required. To the extent a response is required, Federal Defendants deny the allegations in the third sentence of this paragraph. Federal Defendants deny the allegations in the fourth sentence of this paragraph.

14. The allegations in the first and second sentences of this paragraph purport to characterize the draft EA and final EA, which speak for themselves and are the best evidence of their content. Federal Defendants deny the allegations in the third sentence of this paragraph.

15. The allegations in this paragraph purport to characterize the final EA and DN, which speak for themselves and are the best evidence of their content.

16. Federal Defendants deny the allegations in the first sentence of this paragraph. Federal Defendants deny the allegations in the second sentence of this paragraph, and aver that a common practice of "designation by prescription" will be used to determine which trees will be cut as part of the Project. Federal Defendants deny the allegations in the third and fourth sentences of this paragraph.

17. Federal Defendants deny the allegations in the first sentence of this paragraph. Federal Defendants admit the allegations in the first clause of the second sentence of this paragraph, and aver that the project has not yet reached the scoping stage. The allegations in the second clause of the second sentence of this paragraph regarding "in collaboration with" are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on that basis. Federal Defendants admit the allegations in the third sentence of this paragraph. The fourth sentence of this paragraph purports to characterize the final EA, which speaks for itself and is the best evidence of its content.

18. The allegations in the first sentence of this paragraph purport to characterize the final EA, which speaks for itself and is the best evidence of its

FEDERAL DEFENDANTS' ANSWER   5

content. The allegations in the second sentence of this paragraph purport to characterize unidentified proposals, which speak for themselves and are the best evidence of their content. Federal Defendants deny the allegations in the third sentence of this paragraph. Federal Defendants deny the allegations in the fourth sentence of this paragraph. Federal Defendants deny the allegations in the fifth sentence of this paragraph.

"**FIRST CLAIM FOR RELIEF**"

"*NEPA Violations*"

"*Count 1: Failure to Disclose and Analyze the Direct, Indirect and Cumulative Impacts of the Proposed Action and Its Alternatives*"

19.  Federal Defendants restate and incorporate by reference their response to all preceding paragraphs.

20.  The allegations in this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their content.

21.  The allegations in the first two sentences of this paragraph purport to characterize the final EA, which speaks for itself and is the best evidence of its content. Federal Defendants deny the allegations in the third sentence of this paragraph.

22.  Federal Defendants deny the allegations in this paragraph.

23.  Federal Defendants deny the allegations in this paragraph.

24.  Federal Defendants deny the allegations in this paragraph.

25.  Federal Defendants deny the allegations in this paragraph.

"*Count 2: Failure to Adequately Inform Public*"

26.  Federal Defendants restate and incorporate by reference their response to all preceding paragraphs.

27.  Federal Defendants deny the allegations in this paragraph.

28. Federal Defendants deny the allegations in this paragraph.

29. Federal Defendants deny the allegations in this paragraph.

*"Count 3: Failure to Prepare Environmental Impact Statement"*

30. Federal Defendants restate and incorporate by reference their response to all preceding paragraphs.

31. The allegations in this paragraph purport to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their content.

32. Federal Defendants deny the allegations in the first sentence of this paragraph. Federal Defendants admit the allegations in the first clause of the second sentence of this paragraph. Federal Defendants deny the remaining allegations in the second sentence of this paragraph. The allegations in the third sentence of this paragraph are too vague and ambiguous to permit Federal Defendants to frame a response, and are denied on that basis. Federal Defendants deny the allegations in the fourth sentence of this paragraph.

33. Federal Defendants deny the allegations in this paragraph.

**"SECOND CLAIM FOR RELIEF"**

*"Federal Advisory Committee Act Violations"*

34. Federal Defendants restate and incorporate by reference their response to all preceding paragraphs.

35. Federal Defendants deny the allegations in this paragraph.

36. Federal Defendants deny the allegations in this paragraph.

**"PRAYER FOR RELIEF"**

The remaining paragraphs of Plaintiffs' Complaint, denominated 1-6 constitute Plaintiffs' request for relief to which no response is required. To the extent a further response may be required, Federal Defendants deny that Plaintiffs are entitled to the relief requested or any relief whatsoever.

FEDERAL DEFENDANTS' ANSWER   7

**GENERAL DENIAL**

Federal Defendants deny each and every allegation of the Complaint not otherwise expressly admitted, qualified, or denied herein. In addition, Federal Defendants hereby expressly reserve the right to plead any affirmative defenses, jurisdictional or justiciability bars to Plaintiffs' claims, or any applicable state or federal statutes that it may determine apply to this case as litigation of such claims proceeds.

WHEREFORE, Federal Defendants request that the Court dismiss the Complaint in its entirety, render judgment for Federal Defendants and against Plaintiffs, and grant Federal Defendants any further relief that the nature of the case and justice require.

Respectfully submitted this 10th day of March, 2023.

TODD KIM
Assistant Attorney General
Environment & Natural Resources Division
U.S. Department of Justice

/s/ Shaun M. Pettigrew
SHAUN M. PETTIGREW (CA Bar No. 254564)
Senior Attorney
Natural Resources Section
c/o NOAA, Damage Assessment
7600 Sand Point Way, NE
Seattle, WA 98115
(206) 526-6881
shaun.pettigrew@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system.

*/s/ Shaun M. Pettigrew*
SHAUN M. PETTIGREW
U.S. Department of Justice